WALTER JACOBY, Plaintiff, *v.* MAX DELFINER, Defendant.
LUDWIG PLAUT, Plaintiff, *v.* MAX DELFINER, Defendant.

Supreme Court, Special Term, New York County, November 2, 1944.

*Samuel M. Zuckerman* for plaintiffs.

*Leonard G. Bisco* for defendant.

HOFSTADTER, J. This motion seeks unusual relief. Plaintiffs have instituted two actions against the defendant to recover for services rendered to the defendant in connection with a business operated in Vienna, Austria. The defendant has interposed a general denial and has additionally set up several separate defenses.

On April 15, 1942, the defendant obtained an order providing for a stay of all proceedings on the plaintiffs' part until three months after the termination of the war between the United States and Germany. The stay contained in the order was predicated on the ground that it was necessary for the defendant to obtain documentary evidence and the testimony of witnesses, all of which is unavailable to the defendant in view of the existing state of war. Upon appeal to the Appellate Division this order was affirmed. (264 App. Div. 848.)

Thereafter, plaintiffs applied for a vacatur of the stay and to permit plaintiffs to move for summary judgment. The Special Term, however, refused to grant the permission sought by that application.

Plaintiffs now seek an order containing a request to be directed to the United States Department of Justice regarding the furnishing of certain information with respect to proceedings pending against the defendant by the Immigration and Naturalization Service of the Department of Justice.

The information in the possession of the governmental bureaus is patently of a highly confidential nature, and the court will not attempt to intrude upon the province of the Federal authorities by the making of an order to divulge such confidential information. More, an order of the court directing the United States Department of Justice to furnish plaintiffs with the information desired need not be honored by that Federal agency and, accordingly, the order sought herein would be a mere futility.

The opposing papers make it clear that the defendant enjoys an excellent business reputation and is a respected member of the community in which he resides. The defendant's two children are American citizens: his son, a graduate of Amherst College, is a member of the Army of the United States; his daughter is married to a native-born American who is presently serving abroad in the Army of the United States.

The motion is denied.